FILED IN MY OFFICE
DISTRICT COURT CLERK
11/20/2015 3:09:51 PM
STEPHEN T. PACHECO
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

EMILIO RANDALL and
STELLA RANDALL,

v.                                                           Case No. D-117-CV-2015-00241

CITY OF ESPANOLA, SOLOMON
ROMERO, GREG ESPARZA, RICHARD
TRUJILLO, DUSTIN CHAVEZ and
ERIC GARCIA,

       Defendants.

## FIRST AMENDED ANSWER TO COMPLAINT FOR DAMAGES UNDER THE NEW MEXICO TORT CLAIMS ACT

COME NOW, the Defendants City of Espanola, Greg Esparza, Richard Trujillo, Dustin Chavez and Eric Garcia by and through their counsel of record Basham & Basham, P.C. and answer Plaintiffs' Complaint for Damages Under the New Mexico Tort Claims Act (hereinafter "Complaint") as follows:

### PARTIES

1.      Admitted.

2.      Defendants admit that the City of Espanola (the "City") is an incorporated municipality under the laws of New Mexico. Defendants admit the city is a governmental entity and local public body. Defendants admit that the City has authority to employ police officers. Defendants admit that the police department is a division of the City. Defendants admit that the individual named defendants have been employed by the City. Defendants deny the remainder of the allegations.

3.      Defendants admit that Solomon Romero was a City law enforcement officer. Defendants deny the remainder of the allegations.

**EXHIBIT N**

4.      Defendants admit that Greg Esparza is a City law enforcement officer.  Defendants deny the remainder of the allegations.

5.      Defendants admit that Richard Trujillo is a City law enforcement officer.  Defendants deny the remainder of the allegations.

6.      Defendants admit that Dustin Chavez is a City law enforcement officer.  Defendants deny the remainder of the allegations.

7.      Defendants admit that Eric Garcia was the Chief of Police for the City from December 2012 to June 2014.  Defendants admit that Eric Garcia was the supervisor of the other individually-named Defendants.  Defendants deny the remainder of the allegations.

## JURISDICTION AND VENUE

8.      Denied.

9.      Denied.

10.     Denied.

11.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

## FACTS

12.     The allegations of paragraph 12 are an incorporation of prior allegations and to the extent paragraph 12 requires any additional response the allegations are denied.

13.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

14.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

15. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

16. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

17. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

18. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

19. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

20. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

21. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

22. Defendants admit that Solomon Romero was at the scene.  Solomon Romero is represented by separate counsel and therefore Defendants are without sufficient information to admit or deny the remainder of the allegations and therefore deny the allegations.

23. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

24. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

25. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

26.     Defendants admit that Dustin Chavez and Richard Trujillo responded to an incident at 1468 State Road 76 on July 17, 2013 to investigate a death. Defendants are without sufficient information to admit or deny the remainder of the allegations and therefore deny the allegations and demand strict proof of the same.

27.     Denied.

28.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

29.     Defendants admit that Greg Esparza, George Martinez and Solomon Romero were at the scene of the incident at 1468 State Road 76 on July 17, 2013 and deny the remainder of the allegations.

30.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

31.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

32.     Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

33.     Defendants admit that Greg Esparza asked Emilio Randall to sit in a white BMW passenger car while the investigation of the death was ongoing and that Mr. Randall refused. The Defendants deny the remainder of the allegations.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38. Denied.

39. Defendants admit that Richard Trujillo deployed his Taser on Emilio Randall when he attacked the investigating officers and deny the remainder of the allegations.

40. Denied.

41. Defendants admit that Emilio Randall was taken to the ground by a second cycle of Taser and deny the remainder of the allegations.

42. Denied.

43. Defendants admit that Stella Randall was arrested and charged with a crime and deny the remainder of the allegations.

44. Defendants admit that Stella Randall was arrested and charged with a crime and deny the remainder of the allegations.

45. Defendants admit that Stella Randall was arrested and charged with a crime and deny the remainder of the allegations.

46. Denied.

47. Denied.

48. Defendants admit that Emilio Randall and Stella Randall was arrested and charged with crimes and deny the remainder of the allegations.

49. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

50. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

51. Denied.

52. Denied.

53. Defendants admit that Emilio Randall and Stella Randall was arrested and charged with crimes and deny the remainder of the allegations.

54. Denied

55. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

56. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

57. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

58. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

59. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

60. Denied.

61. Denied.

62. Denied.

63. Defendants are without sufficient information to admit or deny the allegation and therefore deny the allegations and demand strict proof of the same.

64. Defendants admit that the charges were dismissed and deny the remainder of the allegations.

65. Defendants admit that the charges were dismissed and deny the remainder of the allegations.

66. Defendants admit that the charges were dismissed and deny the remainder of the allegations.

67. Denied.

68. Denied.

69. Defendants admit that Solomon Romero has separated from employment with the City of Espanola and deny the remainder of the allegations.

70. Denied.

71. Denied.

72. Denied.

**FIRST CAUSE OF ACTION**

73. The allegations of paragraph 73 are an incorporation of prior allegations and to the extent paragraph 73 requires any additional response the allegations are denied.

74. Denied.

75. Denied.

76. Denied.

**SECOND CAUSE OF ACTION**

77. The allegations of paragraph 77 are an incorporation of prior allegations and to the extent paragraph 77 requires any additional response the allegations are denied.

78. Denied

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Defendants breached no duty owed to Plaintiff.

3. The Defendants' activities were lawful, in good faith and in the exercise of governmental functions.

4. At all times relevant hereto, the Defendants' actions were reasonable, proper and constitutional.

5. If Plaintiff suffered any injury and damages, such were unavoidable and not caused by the Defendants.

6. Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiffs' own acts and conduct.

7. If Plaintiffs suffered any detriment, such was not caused by the Defendants.

8. Plaintiffs failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9. The Defendant law enforcement officers were, at all times relevant hereto, duly qualified, appointed and acting law enforcement officers and at all times relevant hereto were engaged in the performance of their regularly scheduled duties as law enforcement officers.

10. The Defendant law enforcement officers are not liable for their acts or omissions while exercising due care in the execution or enforcement of the law.

11. Plaintiffs have failed to state a claim under the New Mexico Tort Claims Act, which is a limited waiver from the doctrine of sovereign immunity (not an affirmative basis for a claim) and bars recovery.

12. Plaintiffs' Complaint is barred by sovereign immunity.

13. The Defendants law enforcement officers are not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

15. Plaintiffs knew or should have known that the officers were performing their duty during the incident and Plaintiffs had a duty to refrain from interfering with the officers.

16. The force, if any, used on Plaintiffs was reasonable and necessary under the circumstances.

17. Plaintiffs have failed to allege, nor can they prove, participation in ratification of, or acquiescence by, the governmental Defendant, City of Espanola, in the actions of the Defendant law enforcement officers. As such, Plaintiff has failed to state a claim for relief.

18. The doctrine of *respondeat superior* is not an adequate basis for liability of the governmental entity City Defendant Espanola.

19. Plaintiff has failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Defendant law enforcement officers and an express or implied directive or operating procedure of the City of Espanola or law enforcement.

20. Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, the Defendant is not liable for exemplary or punitive damages.

21. The Defendants are entitled to qualified immunity.

22. Defendant reserves the right to add additional affirmative defenses as discovery takes place or the individual Defendants are served and required to defend.

**WHEREFORE**, the Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice and for such other and further relief that the Court deems is appropriate.

          Respectfully submitted,

          Basham & Basham, P.C.

          */s/ Mark A. Basham*
          Mark A. Basham
          2205 Miguel Chavez, Suite A
          Santa Fe, New Mexico 87505
          505-988-4575
          mbasham@bbpcnm.com
          *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 20th day of November, 2015, I filed the foregoing *First Amended Answer to Complaint for Damages Under the New Mexico Tort Claims Act* through the Odyssey File and Serve System, which caused a copy to be electronically delivered to all counsel of record.

          */s/ Mark A. Basham*
          Mark A. Basham